RECEIVED
IN LAKE CHARLES, LA.
MAY -5 2015
TONY R. MOORE, CLERK
BY_____PAT_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PATRICK DANIEL MOUTON,** | * | **CIVIL ACTION NO. 2:15-cv-603** |
| Plaintiff, | * | |
| v. | * | **JUDGE MINALDI** |
| **SHERIFF MICHAEL W. NEUSTROM, ET AL.,** | * | |
| Defendants. | * | **MAGISTRATE JUDGE KAY** |

*****************************************************************

## MEMORANDUM RULING

Before the court is the defendants' Motion to Dismiss [Doc. 3], to which the plaintiff has filed two Responses [Docs. 6 & 7]. For the following reasons, the defendants' Motion [Doc. 3] is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

The plaintiff filed a complaint in this court on March 16, 2015, alleging that the defendants failed to comply with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").[1] The defendants are Michael W. Neustrom, in his official capacity as Lafayette Parish Sheriff, and the Internal Affairs Office.[2] The defendants filed the instant Motion on April 1, 2015.[3]

## LAW & ANALYSIS

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See* Fed. R. Civ. Pro. 12(b)(6). The Fifth Circuit has stated that motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State*

---

[1] Compl. [Doc. 1].
[2] *Id.* at 1. It is unclear what Internal Affairs Office the plaintiff refers to in his Complaint, but as will be discussed *infra* this information is unnecessary to render judgment in the above-captioned matter.
[3] Mot. to Dismiss [Doc. 3].

1

*Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (additional citations omitted)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The allegations must "raise the right to relief above the speculative level." *Id.* at 555. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

It is well established that the FOIA only applies to the actions of federal agencies and that the Act does not apply to the actions of state or local agencies or any individual defendant. *Dean v. City of New Orleans*, No. 11-2209, 2012 WL 2564954, at *14 (July 2, 2012) (collecting cases). Therefore, the plaintiff cannot maintain a cause of action under the FOIA against either defendant.[4]

Lake Charles, Louisiana, this 4 day of May, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[4] There is question as to whether the Internal Affairs Office is even a juridical person capable of being sued. However, because an action cannot be supported under the FOIA regardless, it is irrelevant to examine this issue.